UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANCE JAVON SHEFFIELD,

    Plaintiff,

v.                                         Case No.:  2:24-cv-491-SPC-KCD

JOHN DOE, JOHN DOE, JOHN DOE, JOHN DOE, JOHN DOE, JOHN OR JANE DOE, JOHN OR JANE DOE, SGT. BRITTNEY, JOHN OR JANE DOE, Z. CULPEPER, JOHN OR JANE DOE and OFFICER BUTTS,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff Lance Javon Sheffield's Civil Rights Complaint (Doc. 1). Sheffield is a prisoner of the Florida Department of Corrections (FDOC), and he seeks redress against government officials. Sheffield was granted leave to proceed *in forma pauperis*, so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

    The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four types:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23. The main problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. But shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898

2

F.3d 1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." Id.

Sheffield's Complaint falls under the second, third, and fourth categories of shotgun pleadings. Sheffield sues twelve FDOC officials but only names three—he identifies the rest by their position or title within the FDOC. The crux of the Complaint seems to be that Sheffield believes he should be placed in protective management due to numerous attacks by other inmates throughout his years of incarceration. But Sheffield obscures his claims with pages of incomprehensible legalese—for example:

> Moreover, the defendant/s/ "Authentic" sworn signature upon official state DOC documents (in an official capacity) corelating to instant case "Equally" enjoins said co-defendant/s/ as liable principles to (subordinant and/or supervisory) co-defendants wrongdoings via knowledge, accessory after and/or before also failure to intervene and appropriate as a FDOC employee acting under color of law and in an official capacity.

(Doc. 1 at 18). The Complaint does not give the defendant fair notice of the claims against them.

To continue prosecuting this case, Sheffield must file an amended complaint that complies with federal pleading standards. The amended complaint must include a <u>short and plain</u> statement showing that Sheffield is entitled to relief—in other words, lose the legalese and stick to simple statements of fact. The amended complaint must include clear and specific allegations against each specific defendant so they can understand what

3

actions Sheffield seeks to hold them liable for. It is not enough for Sheffield to claim that he was harmed, then list the John/Jane Does he believes are responsible.

What is more, some of the descriptions of the John Doe defendants are inadequate. Fictitious-party pleading is generally not permitted in federal court, but the Eleventh Circuit has created a limited exception when the plaintiff's description of the defendant is specific enough to identify the defendant. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Merely describing defendants as a major, colonel, or classification officer is insufficient to identify a defendant among the many officials employed at the prison. The Court will dismiss claims against any fictitiously named defendants who are not described specifically enough to identify.

Accordingly, it is now **ORDERED:**

Plaintiff Lance Javon Sheffield's Civil Rights Complaint (Doc. 1) is **DISMISSED without prejudice**. Sheffield may file an amended complaint by August 2, 2024. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

5